### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| NATALIE RENEE BROWN, | ) | C/A No.:  3:21-4071-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| FIVE POINTS SERVICES, INC., and | ) | **(Jury Trial Demanded)** |
| NEAL EDWARDS HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Natalie Renee Brown, by and through the undersigned counsel, brings this negligence action against Defendants Five Points Services, Inc. and Neal Edwards Harris. In support of her claims, Plaintiff alleges as follows:

### PARTIES

1. Plaintiff Natalie Renee Brown is a citizen of the United States and a resident of Lexington, South Carolina.

2. Defendant Five Points Services, Inc. is a Georgia corporation and a motor vehicle carrier registered with the United States Department of Transportation, bearing USDOT # 923935. At all times relevant, Five Points owned and operated a tractor trailer truck involved in a collision with Plaintiff in West Columbia, South Carolina on February 18, 2019.

3. Defendant Neal Edwards Harris is a citizen and resident of Reynolds, Georgia. At all times relevant, Harris was an employee, agent or legal representative of Five Points, and was the driver of the tractor trailer truck that struck Plaintiff's vehicle in West Columbia, South Carolina on February 18, 2019.

**JURISDICTION AND VENUE**

4. This action arises out of a motor vehicle collision that occurred on an exit ramp on Interstate 26 in Lexington County, South Carolina on February 18, 2019.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants this court original jurisdiction where, as here, the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as the substantial part of the events or omissions giving rise to this action occurred in the District of South Carolina, Columbia Division.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence as to all Defendants)**

7. Plaintiff reincorporates and realleges all preceding paragraphs as if fully set forth verbatim herein.

8. At all times relevant hereto, Defendant Harris was an employee, agent and legal representative of Defendant Five Points and was acting in the course and scope of his employment.

9. At all times relevant hereto, Defendant Five Points exercised control over the conduct of Defendant Harris and had the right to control the manner and method of Defendant Harris's work.

10. Defendant Five Points is responsible for Defendant Harris's actions and the consequences of his actions on February 18, 2019, under the doctrines of respondeat superior and agency and pursuant to United States Department of Transportation regulations applicable under federal law.

11. On February 18, 2019, at approximately 11:20 a.m., Plaintiff Natalie Brown was the driver of a 2017 Hyundai SUV, traveling eastbound on I-26 ramp 7775 in West Columbia,

South Carolina. Plaintiff was stopped in traffic in the right lane of ramp 7775 at the intersection to US-378.

12. Another vehicle, a Toyota sedan, was stopped in front of Brown, also yielding to the stop sign at the intersection.

13. The road conditions on the morning of February 18, 2019, were clear and dry.

14. At all relevant times, Plaintiff was acting in a reasonable, prudent and careful manner and was not at fault in any way.

15. While both vehicles were stopped at the intersection, Defendant Harris was also driving east on the I-26 ramp 7775 in a 2015 tractor trailer truck owned by Defendant Five Points, bearing vehicle identification number 1XKZD49X6FJ465568 and license plate number IC37QU.

16. Defendant Harris was driving too fast for conditions and struck Plaintiff's vehicle in the rear, causing Plaintiff's vehicle to strike the Toyota sedan stopped in front of her.

17. As a result of the collision, Plaintiff Brown sustained physical injuries and property damage to her vehicle.

18. At all times relevant, as operators of a commercial tractor trailer, Defendants owed a duty of care to Plaintiff to operate the tractor trailer in accordance with the Federal Motor Carrier Safety Administration Regulations and prevailing professional standards.

19. At all times relevant, Defendants owed a duty of care to Plaintiff to exercise the caution a reasonable person would have used under the circumstances and to operate a commercial vehicle in a safe and proper manner and speed relevant to the conditions.

20. Defendants breached its duty of care to Brown and were negligent, grossly negligent, reckless, careless, willful, and wanton in the following particulars, each of which were the direct, foreseeable, and proximate cause of Brown's injuries:

    a. In operating a motor vehicle in such a manner as to indicate willful, reckless, grossly negligent, and negligent disregard for the safety of others in violation of S.C. Code Ann § 56-5-2920;

    b. In failing to operate the truck at a safe speed;

    c. In failing to maintain proper control of the truck;

    d. In failing to maintain a proper lookout;

    e. In failing to yield the right of way to the Plaintiff;

    f. In failing to properly apply the brakes;

    g. In failing to properly observe the road and traffic conditions and patterns;

    h. In failing to observe the Plaintiff's vehicle, and to avoid the collision, when the vehicles were at all times in plain and unobstructed view;

    i. In failing to use a reasonable degree of care and caution under the circumstances;

    j. In failing to operate a commercial vehicle in the manner required by the Federal Motor Carrier Safety Administration Regulations; and

    k. In such other and further particulars as the evidence may show.

21. As a direct and proximate cause of the negligent, careless, grossly negligent, negligent per se, reckless, willful, and wanton acts or omissions of Defendants, Plaintiff was physically injured, sought medical treatment, suffered and continues to suffer, from one or more of the following elements of damage:

    a. Physical pain;

    b. Suffering;

    c. Mental anguish;

    d. Emotional distress;

    e.    Impairment of health;

    f.    Loss of sleep;

    g.    Inability to concentrate;

    h.    Loss of enjoyment of life;

    i.    Shock and injury to Plaintiff's nerves and nervous system;

    j.    Increased susceptibility to future injury;

    k.    Substantial expenses for medical services;

    l.    Expenses for transportation to and from medical services;

    m.    Loss of income;

    n.    Future medical care and costs; and

    o.    Such other and further injuries and damages as the evidence may reveal.

22. Due to the willful, wanton, reckless, grossly negligent, negligent per se, and negligent acts of the Defendants as set forth above, including their violation of state and federal law, Plaintiff is entitled to recover actual and punitive damages, jointly and severally as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
**(Negligent Entrustment)**

23. Plaintiff reincorporates and realleges all preceding paragraphs as if fully set forth verbatim herein.

24. Defendant Five Points knew or should have known Defendant Harris was untrained and incapable of operating his vehicle in the manner required by the Federal Motor Carrier Administration Regulations and state law.

25. Defendant Five Points knew or should have known that Defendant Harris lacked sufficient and proper training and experience such that he was incapable of complying with the

5

Federal Motor Carrier Safety Administration Regulations and state law and was, therefore, a negligent and reckless driver.

26. Defendant Five Points negligently and recklessly entrusted a commercial vehicle to Defendant Harris despite their knowledge that Defendant Harris lacked proper training and experience.

27. Defendant Five Points negligently or recklessly entrusted a vehicle to Defendant Harris which they knew or reasonably should have known was not safe and operable.

28. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendant Five Points, Plaintiff was physically injured, sought medical treatment, suffered and continues to suffer physical pain and suffering, mental anguish, emotional distress, impairment of health, loss of sleep, inability to concentrate, loss of enjoyment of life, shock and injury to Plaintiff's nerves and nervous system, increased susceptibility to future injury, medical expenses, expenses for transportation to and from medical services, loss of income, future medical care and costs, and such other and further injuries and damages as the evidence may reveal.

29. Plaintiff is entitled to judgment against Defendant Five Points for Plaintiff's above-described injuries and for actual and punitive damages in an amount to be determined by a jury.

**FOR A THIRD CAUSE OF ACTION**
**(Negligent Hiring, Retention and Supervision as to Defendant Five Points)**

30. Plaintiff reincorporates and realleges the preceding paragraphs as if fully set forth verbatim herein.

31. Defendant Five Points, as the employer of Defendant Harris, owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including: the implementation of appropriate operating standards and procedures; the hiring, retention and

supervision of its employees, drivers, and agents, including Defendant Harris; and the maintenance of its tractor trailers, including the vehicle that struck Plaintiff on February 18, 2019.

32. Defendant Five Points owed statutory and common law duties to Plaintiff to hire, supervise, and retain its employees in a manner that is not negligent, grossly negligent, negligent per se, willful, wanton, careless or reckless.

33. Defendant Five Points owed statutory and common law duties to Plaintiff to use safe and fit equipment, including the tractor trailer that struck Plaintiff on February 18, 2019.

34. As an authorized motor carrier engaged in interstate commerce, Defendant Five Points had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Administration Regulations, including but not limited to: the duty to properly qualify Defendant Harris; the duty to properly train Defendant Harris; the duty to supervise the hours of service of Defendant Harris; the duty to properly maintain its vehicles, including leased vehicles; the duty to entrust a tractor trailer only to those capable and qualified of handling a dangerous instrumentality; and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

35. Defendant Five Points knew or reasonably should have known that Defendant Harris was incapable of complying with the Federal Motor Carrier Safety Administration Regulations and state law, and was therefore a negligent, grossly negligent, negligent pr se, and reckless driver.

36. Defendant Five Points knew or should have known Defendant Harris lacked experience and training such that he was unable to comply with the Federal Motor Carrier Safety Regulations and state laws and was, therefore, a negligent or reckless driver.

37. Defendant Five Points breached its duties to Plaintiff and was negligent, grossly negligent, reckless, careless, willful, and wanton in the following particulars, each of which were the direct, foreseeable, and proximate cause of Plaintiff Brown's injuries:

   a. In failing to properly supervise and train Defendant Harris;

   b. In failing to properly train and supervise Defendant Harris on maintaining a proper lookout, control, and safe speed in approaching an exit ramp or intersection;

   c. In failing to ensure that Defendant Harris was qualified to drive a commercial vehicle;

   d. In failing to verify that Defendant Harris operated the tractor trailer in a reasonably safe manner and abided by all laws governing safe operation of commercial motor vehicles;

   e. In failing to properly train and instruct Defendant Harris on safe driving;

   f. In failing to properly supervise Defendant Harris;

   g. In failing to appropriately monitor and manage Defendant Harris's hours of service;

   h. In failing to appropriately monitor and mange Defendant Harris's driving practices; and

   i. In such other and further particulars as the evidence may show.

38. As a direct, foreseeable and proximate cause of the negligent, grossly negligent, negligent per se, reckless, willful, and wanton acts or omissions of Defendant Five Points, Plaintiff was physically injured, sought medical treatment, suffered and continues to suffer physical pain and suffering, mental anguish, emotional distress, impairment of health, loss of sleep, inability to concentrate, loss of enjoyment of life, shock and injury to Plaintiff's nerves and nervous system, increased susceptibility to future injury, medical expenses, expenses for transportation to and from

medical services, loss of income, future medical care and costs, and such other and further injuries and damages as the evidence may reveal.

39.     Plaintiff is entitled to judgment against Defendant Five Points for Plaintiff's injuries and damages described above, and for actual and punitive damages to be determined by a jury.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Five Points Services, Inc. and Neal Edwards Harris in an amount to be determined at the trial of this case, for actual and punitive damages, attorneys' fees and costs, and such further relief as the Court deems reasonable and just.

Respectfully submitted,

**MCLEOD LAW GROUP, LLC**

*H. Cooper Wilson, III*
W. Mullins McLeod, Jr.  (Fed ID No.: 7142)
H. Cooper Wilson, III (Fed ID No.: 10107)
John D. Hudson, Jr. (Fed ID No.: 7580)
P.O. Box 21624
Charleston, South Carolina 29413
Tel: (843) 277-6655
Fax: (843) 277-6660

--and--

THE JEFFCOAT FIRM
Michael R. Jeffcoat (Fed ID No.: 13492)
P.O. Box 11885
Columbia, South Carolina 29211

*Attorneys for Plaintiff Natalie Renee Brown*

December 17, 2021
Charleston, South Carolina